IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **THERESA SAYRE,**<br><br>*Plaintiff*,<br><br>v.<br><br>**LIVE OAK FINANCIAL, INC.,** *as successor to Collection Services of Athens, Inc.*,[1]<br><br>*Defendant*. | **CIVIL ACTION NO.**<br>**3:25-cv-00077-TES** |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

In this lawsuit, Plaintiff Theresa Sayre alleges that Live Oak Financial, Inc., violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, when it failed to tell credit reporting agencies that she disputed a debt. [Doc. 7-1, p. 2 (citing [Doc. 1, ¶¶ 34–36])]; *see also* [Doc. 7-1, p. 5]. Pointing to the fact that Plaintiff's Complaint [Doc. 1] never alleges that she disputed the debt in writing, as required by § 1692g(b), Live Oak filed a Motion to Dismiss [Doc. 7] seeking with-prejudice dismissal of Plaintiff's claims asserted against it. [Doc. 7-1, pp. 3, 5]. Through her Response [Doc. 9] to Live Oak's dismissal efforts, Plaintiff, however, made it quite clear that she wasn't bringing a claim under § 1692g(b) and that claims under §§ 1692e and 1692g(b) "are

---

[1] Live Oak Financial, Inc., is the successor of Collection Services of Athens, Inc., and throughout this Order, the Court uses the generic term of "debt collector" to refer to Live Oak as well as its predecessor.

different legal claims." [Doc. 9, pp. 1–2].

Specifically, Plaintiff alleges that Live Oak violated §§ 1692e(5), 1692e(8), and 1692e(10). [Doc. 1, ¶ 36]; [Doc. 9, p. 1]. Those provisions of the FDCPA state:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(5), e(8), and e(10). When evaluating a communication under § 1692e, courts look to whether the "least sophisticated consumer" would be deceived or misled by the communication at issue. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016).

In her Complaint, Plaintiff alleges she spoke to the debt collector "via telephone" on October 22, 2024, and advised them "that she did not believe she was liable for the debt they were attempting to collect." [Doc. 1, ¶¶ 13–14]. Even though Plaintiff alleges that the debt collector "acknowledged her dispute," when she accessed her credit report on December 6, 2024, the debt collector "had not marked the account as disputed." [*Id.* at ¶¶ 16–17]. It is the debt collector's failure to report the debt as "disputed" that

2

Plaintiff claims violated the FDCPA. [*Id.* at ¶¶ 29–36]. With respect to § 1692e(8), Plaintiff claims that the debt collector falsely represented the status of the debt. [*Id.* at ¶ 35].

However, Live Oak insists that Plaintiff failed to "legally" dispute the debt because her oral, over-the-phone dispute does not "trigger the debt collector's obligation to cease collection activities." [Doc. 7-1, p. 6]. While "[t]he [FDCPA] is clear" in that § 1692g(b) provides that a debt collector must cease collection and verify the debt "*only if*" a consumer disputes the debt "*in writing*," *Bishop*, 817 F.3d at 1274, Plaintiff doesn't rest her claims on a violation of § 1692g(b). [Doc. 1, ¶ 36]; [Doc. 9, p. 1].

Live Oak is mistaken if it believes § 1692e contains the same in-writing requirement as § 1692g(b). In *Hepsen v. Resurgent Capital Services, LP*, the Eleventh Circuit quite plainly held that "§ 1692g(b) does not modify" § 1692e. 383 F. App'x 877, 882 (11th Cir. 2010). Moreover, it is a basic principle of statutory interpretation that "when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004). In the FDCPA, Congress explicitly included an in-writing requirement for several of its sections—like § 1692g(b). *See Brady v. Credit Recovery Co.*, 160 F.3d 64, 66–67 (1st Cir. 1998). Such an inclusion in § 1692g(b) clearly indicates that the omission in § 1692e "was not inadvertent." *Id.*

The in-writing requirement of § 1692g(b) does not require a debtor consumer to

3

submit her dispute in writing to state a claim under § 1692e or elsewhere.² *See, e.g., id.* ("§ 1692e(8) does not impose a writing requirement on consumers who wish to dispute a debt"). Additionally, the protection of § 1692e(8) is afforded where the debt collector "knows or should know" the debt is disputed, regardless of how they came by this information. *See id.* "This 'knows or should know' standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is acquired." *Id.*

Based on this, the Court **DENIES** Live Oak Financial, Inc.'s, Motion to Dismiss [Doc. 7].

**SO ORDERED**, this 12th day of August, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**

---

² Even within § 1692g, courts hold the in-writing requirement to claims specifically made under § 1692g(b). *See Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013) (holding a debtor consumer may claim the benefits of § 1692g(a)(3) even if the dispute is not in writing); *Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 594 (3d Cir. 2020) ("notices sent under § 1692g need not require that disputes be expressed in writing"); *Clark v. Absolute Collection Serv.*, Inc., 741 F.3d 487, 491 (4th Cir. 2014) ("section 1692g(a)(3) permits consumers to dispute the validity of a debt orally"); *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005) ("there is no writing requirement implicit in § 1692g(a)(3)").